

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ESETA SAMUSEVA,<br><br>Defendant - Appellant. | No. 05-10129<br>D.C. No. CR-03-00156-1-HG<br><br>**JUDGMENT** |
|---|---|

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 10 2006

at 11 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 04/13/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY 0 5 2006

by: _____
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

APR 13 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-10129 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00156-1-HG |
| v. | |
| ESETA SAMUSEVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted April 4, 2006
San Francisco, California

Before: BERZON, RAWLINSON, and CALLAHAN, Circuit Judges.

Eseta Samuseva pleaded guilty in district court to possession with intent to distribute cocaine base within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(b). On appeal, Samuseva argues that the district court

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
MAY 0 5 2006
by: Deputy Clerk

page 2

lacked subject matter jurisdiction with regard to § 860(b) because there was insufficient evidence that Aala Park was a "playground" within the meaning of § 860.

The subject matter jurisdiction argument is meritless. Whether the government presented sufficient evidence that Aala Park was a "playground" within the meaning of the statute has nothing to do with subject matter jurisdiction. Further, this case was decided on a guilty plea, so the defendant waived the requirement that the government prove its factual case.

Samuseva could have cast a somewhat similar argument under Federal Rule of Criminal Procedure 11(b)(3), arguing that the guilty plea should not have been accepted because the district court had an inadequate factual basis for concluding that Aala Park was a "playground" meeting the statutory criteria. Even if we were to exercise our discretion to reach the Rule 11 issue because it was discussed in the government's brief, *see Boldt v. Crake (In re Riverside-Linden Inv. Co.)*, 945 F.2d 320, 324 (9th Cir. 1991), we would affirm.

Applying the applicable plain error prejudice standard, *United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005), there is no basis for concluding that "it is reasonably probable [Samuseva] would have gone to trial absent the error."

page 3

*Id.* at 1272 (internal quotation marks omitted). There is no indication that Aala Park is not in fact a "playground" within the meaning of 21 U.S.C. § 860, particularly in light of (1) Samuseva's prior plea for an offense under § 860 committed at Aala Park, and (2) *United States v. Migi*, 329 F.3d 1085 (9th Cir. 2003), which held that Aala Park was a "playground" within the meaning of § 860. Also, the government's factual basis, although not entirely precise, did specify that "Aala Park . . . is a playground that has the requisite three or more playground equipment." The defendant was therefore on notice that the government had an obligation to prove that Aala Park had "three or more separate apparatus intended for the recreation of children," 21 U.S.C. § 860(e)(1), yet did not indicate in any way that there were *not* "three or more separate apparatus" within the meaning of § 860. *Cf. Monzon*, 429 F.3d at 1273 (noting the defendant denied possessing a gun in furtherance of his drug crime, the fact at issue in the appeal under Rule 11(b)(3)). Given these circumstances, Samuseva has not established that it is "reasonably probable" that a more specific factual basis would have dissuaded her from pleading guilty.

Because of the decision we reach, no further communication with the court by either party will be necessary.

page 4

**AFFIRMED.**

*United States v. Samuseva*, No. 05-10129

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

**FILED**

APR 13 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

NOAPI INVATT
i

INTERNAL USE ONLY: Proceedings include all events.
05-10129 USA v. Samuseva

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Michael K. Kawahara, Esq.<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>Lawrence L. Tong, Esq.<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S.<br>ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| v. | |
| ESETA SAMUSEVA<br>    Defendant - Appellant | Shawn A. Luiz, Esq.<br>FAX 808/538-0600<br>808/538-0500<br>Ste. 800<br>[COR LD NTC cja]<br>Law Offices<br>810 Richards Street<br>Honolulu, HI 96813 |