EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA      1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 06-0585HG |
| | ) | CR. NO. 03-0156HG |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN OPPOSITION TO |
| vs. | ) | DEFENDANT'S 2255 PETITION |
| | ) | |
| ESETA SAMUSEVA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S 2255 PETITION

The United States of America hereby opposes defendant's pro se "Motion Under 28 USC 2255 to Vacate, set Aside, or Correct Sentence by a Person in Federal Custody" filed October 30, 2006 (hereinafter "2255 petition").

In the underlying criminal case, defendant Samuseva had pled guilty on November 14, 2003 to the Indictment which charged her with knowingly and intentionally possessing with intent to distribute 1.156 grams (net weight) of cocaine base on March 28, 2003 within 1,000 feet of a playground known as "Aala Park" in

Honolulu, HI, in violation of 21 U.S.C. 841 and 860. As indicated in the plea colloquy (T.P.(11/14/03) at 25-6), undercover police officers had observed Samuseva and three other persons on this date engage in conduct consistent with a drug deal in the vicinity of Aala Park. When she saw one of the officers approached her, Samuseva dropped five small packets onto the ground, which were later found to contain the cocaine base described above.

During the change-of-plea (COP) hearing in the underlying criminal case, Samuseva never complained about the legal representation she received from Assistant Federal Public Defender Pamela Byrne. In actual fact, Sameseva affirmatively expressed her satisfaction with Ms. Byrne being appointed to represent her:

> QUESTION BY THE COURT. Have you had enough time to talk about your case with Ms. Byrne?
>
> A. Yes.
>
> Q. Are you satisfied with her representation of you?
>
> A. Yes.
>
> T.P.(11/14/03) at 15.

Later in the COP hearing, the following colloquy occurred:

> QUESTION BY THE COURT. I would like you to tell me, in your own words, what you did that makes you guilty of the charge in the indictment in this case that was filed in April of this year.
>
> A. I was guilty of selling the things to the customers.

>    Q. What were you selling?
>
>    A. Cocaine.
>
>    Q. They say cocaine base; do you agree with that?
>
>    A. Yes.
>
>    Q. Do you agree it was 1.156 grams of cocaine base?
>
>    A. Yes.
>
>    T.P.(11/14/03) at 27.

In response to the Court's further inquiry as to where the crime had occurred, Samuseva replied "in town" and "across by Aala Park", also preliminarily stating that she was about 60 feet away from Aala Park. T.P. (11/14/03) at 27.  For the purpose of clarification, AUSA Constance Hassell then represented to the Court that:

> [I]t's actually across the Nuuanu Stream.  The incident took place on River Street, and then there's, I think it's Nuuanu Stream, and then Aala Park is on the other side.  So it may be a bit more than 60 feet, but it's certainly less that a thousand.
>
> T.P.(11/14/03) at 28.[1]

Assistant Federal Public Defender Byrne then advised the Court that "our investigator has measured, and she is definitely within 1,000 feet". T.P. (11/14/03) at 28.  With these further clarifications, the Court then inquired of Samuseva:

>    Q. Were you on the other side of the stream over on River Street?

---

[1] The Court can easily take judicial notice that River Street runs parallel to Nuuanu Stream.

    A. Yes.

    Q. You could see Aala Park from there, right?

    A. Yeah, I guess...

    Q. And it's less than a block away, right?

    A. Yes.

    T.P.(11/14/03) at 29.

In this connection, Samuseva was intimately familiar with Aala Park, the <u>locus</u> of the instant crime. The presentence investigation report (PSR) listed Samuseva's extensive, prior criminal history, which included four Federal and State felony drug convictions and a felony assault conviction; Samuseva committed all of these prior, felony crimes in Aala Park. More to the point, Samuseva was previously prosecuted in <u>USA v. Samuseva</u>, USDC-Hawaii Criminal Case No. 99-0262 (hereinafter "earlier Federal case or conviction"), for the very same offense alleged in the instant case, i.e., distributing and possessing with intent to distribute cocaine base within 1,000 feet of Aala Park.[2]  Samuseva had pled guilty in this earlier Federal case and was sentenced in November 1999 to 34 months imprisonment, to be followed by a term of supervised release ("TSR") of six (6)

---

[2] As indicated in the plea agreement from her earlier Federal case, Samuseva was actually selling and possessing the drugs in Aala Park itself.

years.[3]

Based upon her extensive prior criminal history, Samuseva was a "Career Offender" pursuant to U.S.S.C. Guideline 4B1.1, resulting in a Total Offense Level of 34, Criminal History Category VI.  Consequently, Samuseva's advisory Guideline sentencing range was 262 months (21.8 years) - 327 months (27.25 years).  On January 27, 2005, this Court exercised its discretion to sentence Samuseva to a substantially lower imprisonment term of only 140 months (11.67 years), corresponding to Offense Level 28, Criminal History category VI.

In addition, because she had committed the instant offense while on TSR from the earlier Federal conviction, this Court had previously revoked Samuseva's TSR and re-sentenced her to 24 months imprisonment for that violation.  Notwithstanding that U.S.S.C. Guideline 7B1.3(f) recommended that the imprisonment term for the TSR violation be consecutive, this Court again exercised its discretion in Samuseva's favor by making it concurrent to the 140 month imprisonment term.

Samuseva thereafter appealed her conviction and sentence to the Ninth Circuit Court of Appeals in C.A. No. 05-10129, asserting that there was an insufficient factual basis concerning

---

[3] In other words, Samuseva had engaged in the same drug trafficking conduct in or about the same Aala Park locale in 2003, as charged in the instant criminal case, after serving her imprisonment sentence and while still on her TSR from the earlier Federal conviction.

Aala Park being a "playground" within the meaning of 21 U.S.C. 860.  In a memorandum decision issued April 13, 2006, the Ninth Circuit held that "Samuseva has not established that it is 'reasonably probable' that a more specific factual basis [concerning Aala Park] would have dissuaded her from pleading guilty" and affirmed her conviction and sentence.  In so doing, the Ninth Circuit also expressly took into account "Samuseva's prior plea for an offense under [section] 860 committed at Aala Park".

In her 2255 petition, Samuseva now contends that Ms. Bryne ineffectively represented her because "I explained to my lawyer that it was for my personal use" and "there was no witnesses to actually say that I sold it or even that I was 100 feet away from the park.  I was 1000 feet away, why didn't she say the truth that it was for my personal use".  Unfortunately for Samuseva, her own words uttered under oath during the COP hearing-- wherein she fully admitted that she was selling the cocaine base she possessed in the immediate vicinity of Aala Park-- now belie her "after-the-fact", exculpating assertions.  Moreover, Samuseva is implicitly accusing Ms. Byrne of forcing her at the COP hearing to say untruthful things in order to plead guilty; however, when Samuseva concurrently at the COP hearing also expressed her satisfaction with Ms. Byrne's legal representation, the credibility of her allegations in the 2255 petition becomes

highly suspect.

For the reasons set forth herein, Samuseva's factual representations underlying her 2255 petition are entirely refuted and contradicted by the record herein and consequently, her petition should be summarily denied.

DATED: November 17, 2006.

                                EDWARD H. KUBO, JR.
                                United States Attorney
                                District of Hawaii

                                  /s/ Michale K. Kawahara
                              By_____
                                MICHAEL K. KAWAHARA
                                Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the attached was served via U.S. Mail, postage prepaid, on the following:

    ESETA SAMUSEVA #87194-022
    FCI Dublin
    5701 8th Street, Camp Parks
    Dublin, CA 94548

        Defendant pro se

    DATED: Honolulu, Hawaii, November 17, 2006.

                              /s/ Patricia Redondo
                              _____