IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESETA SAMUSEVA, ) | CRIM. No. 03-00156 HG |
| ) | CIVIL NO. 06-00585 HG |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**
**AND**
**DENYING REQUEST FOR APPOINTMENT OF COUNSEL**
**AND**
**HOLDING THAT MOVANT IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY**

Movant Eseta Samuseva has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255. As grounds for habeas relief, Samuseva claims that her guilty plea was not knowing and voluntary and that she was denied effective assistance of counsel. Because review of Samuseva's Section 2255 motion, the case file, and the record in this case conclusively show that Samuseva is not entitled to habeas relief on the grounds she alleges, the Court denies Samuseva's Section 2255 motion without an evidentiary hearing. The Court also denies her request for appointment of counsel and holds that she is not entitled to a certificate of appealability.

## PROCEDURAL HISTORY

On April 2, 2003, the United States charged Movant Eseta

Samuseva ("Samuseva" or "Movant") in a single-count Indictment. (Doc. 1.)  The Indictment charged that Samuseva violated 21 U.S.C. § 841(b)(1)(C) and § 860(b): "having previously been convicted of a violation of 21 U.S.C. [§] 860(a) in the case <u>United States v. Eseta Samuseva</u>, Cr. No. 99-00262 ACK, [Samuseva] did knowingly and intentionally possess with intent to distribute approximately 1.156 grams of cocaine base, a Schedule II controlled substance, within one thousand (1,000) feet of the real property comprising a playground, Aala Park . . ."

On November 14, 2003, Samuseva pled guilty to the Indictment. (Doc. 23.)  Samuseva did not enter into a plea agreement.

On January 27, 2005, the Court sentenced Samuseva to 140 months imprisonment to be served concurrently with the 24-month sentence imposed on April 19, 2004 in Criminal Case No. 99-00262, and to supervised release of nine years.  (Doc. 37.)

On February 3, 3005, the Court entered Judgment.  (Doc. 41.) Samuseva appealed her sentence. (Doc. 44.)

On April 13, 2006, the Ninth Circuit Court of Appeals affirmed the district court's Judgment.  Judgment on the appeal was entered in this Court on May 10, 2006.  (Doc. 55.)

On October 30, 2006, Samuseva filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 58, "Section 2255 Motion".)

On November 15, 2006, Samuseva filed an Application to Proceed In Forma Pauperis. (Doc. 61.)

On November 15, 2006, Samuseva filed a Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(2)(B). (Doc. 62.)

On November 17, 2006, the United States filed a Memorandum in Opposition to Defendant's § 2255 Petition. (Doc. 60.)

On November 29, 2006, the Court entered an Order Denying Movant's Application to Proceed In Forma Pauperis. (Doc. 63.)

## BACKGROUND

### I. Plea Colloquy

At the time of the plea, Samuseva was forty years old. (Transcript of November 14, 2003 Hearing, hereinafter "Tr.", at 9.) She has a ninth grade education. (Id.) On November 14, 2003, Samuseva entered a guilty plea as to the Indictment. At the plea colloquy, Samuseva stated that she had not taken drugs, medicines, or pills, except for diabetes medication, or drunk any alcoholic beverages in the last 24 hours. (Tr. at 11-13.) She indicated that she understood what was being said to her and expressly stated that she was in court to change her plea to guilty. (Tr. at 14-15.) The Court emphasized that if Samuseva had "any questions about anything" she could ask the Court or her counsel, Ms. Byrne. (Tr. at 15.)

During the plea colloquy Samuseva expressed her

understanding of the charges against her.  After the United States described the evidence that would be presented against Samuseva at trial, the Court asked Samuseva:

> Q: . . . to tell me, in your own words, what you did that makes you guilty of the charge in the indictment in this case . . .
> A: I was guilty of selling the things to the customers.
> Q: What were you selling?
> A: Cocaine.
> Q: They say cocaine base; do you agree with that?
> A: Yes.
> Q: Do you agree that it was 1.156 grams of cocaine base?
> A: Yes.

(Tr. at 26-27.)

Samuseva understood that the crime took place across, and less than 1,000 feet, away from Aala Park, which the Indictment stated was a playground:

> Q: Were you on the other side of the stream over on River street?
> A: Yes.
> Q: You could see Aala Park from there, right?
> A: Yeah -- I guess . . .
> Q: And it's less than a block away, right?
> A: Yes.

4

(Tr. at 28.)

Samuseva was familiar with Aala Park. Samuseva's criminal history includes four Federal and State felony drug convictions and a felony assault conviction, all of which were committed in Aala Park.[1]

Samuseva also expressed her satisfaction with appointed counsel, Federal Public Defender Pamela Byrne:

> Q: Have you had enough time to talk about your case with Ms. Byrne?
>
> A: Yes.
>
> Q: Are you satisfied with her representation of you?
>
> A: Yes.

(Tr. at 16.)

There is no evidence that Samuseva had complained about Ms. Byrne's representation.

## II. Sentencing

Samuseva is a "Career Offender" pursuant to U.S.S.G. § 4B1.1, resulting in a Total Offense Level of 34, Criminal History

---

[1] In United States v. Samuseva, Criminal No. 99-0262, Samuseva pled guilty to distributing and possessing with intent to distribute cocaine base within 1,000 feet of Aala Park. In November 1999, in Criminal No. 99-0262, the Court sentenced Samuseva to 34 months imprisonment, to be followed by a term of supervised release of six years. Samuseva was still on supervised release when she engaged in the conduct at issue in this case. As a result, the Court revoked Samuseva's supervised release in Criminal No. 99-0262 and re-sentenced her to 24 months imprisonment for that violation.

Category VI.  Samuseva's advisory Guideline sentencing range was 262 to 327 months.  The Court, however, exercised its discretion to sentence Samuseva to 140 months, corresponding to Offense Level 28, Criminal History Category VI.  The Court also made Samuseva's 24-month sentence, for violation of terms of supervised release in Criminal No. 99-0262, concurrent with her sentence in this case.

## STANDARDS OF REVIEW

### I.   28 U.S.C. § 2255

28 U.S.C. § 2255 ("§ 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255.

Under § 2255, a court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United

States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980) cert. denied, 451 U.S. 938 (1981)).

## II.  Appointment of Counsel

Appointment of counsel is required if the petitioner is financially eligible and an evidentiary hearing is mandated or to prevent a due process violation. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) cert. denied 481 U.S. 1023 (1987). If an evidentiary hearing is not necessary to resolve a habeas petition, appointment of counsel is discretionary and turns on a petitioner's ability to articulate his claims in light of the complexity of the issues and his likelihood of success on the merits. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A. The decision to appoint counsel is within the discretion of the district court, and discretion is only abused when counsel is constitutionally required. Knaubert, 791 F.2d at 728.

## ANALYSIS

In her Section 2255 Motion, Samuseva contends that: (1) her guilty plea was involuntary or unlawfully induced; (2) her conviction was "obtained by the unconstitutional failure of [her] lawyer to disclose important information about [her] case"; and (3) she was denied effective assistance of counsel.

None of Samuseva's grounds has any merit. As to ground one, Samuseva claims that she did not understand why she was pleading guilty. She claims that the cocaine was for her personal use and she did not intend to sell it. Samuseva's assertions are belied by her clear and unequivocal statements during the plea colloquy. Samuseva understood that she was entering a plea of guilty and admitted that she possessed cocaine which she intended to sell. Samuseva's circumstances also show that she understood the plea process. Samuseva had previously entered a guilty plea in federal court to a nearly identical charge. Ground one lacks any merit.

Grounds two and three of Samuseva's Section 2255 Motion similarly lack merit. Both grounds two and three are based on the alleged denial of effective assistance of counsel. With regard to ground two, Samuseva claims that her lawyer failed to investigate her case and present witnesses to say that she sold the cocaine within 1,000 feet of a playground. Defense counsel had no obligation to locate or present witnesses. Samuseva pled

guilty and expressly admitted that she was selling cocaine within 1,000 feet of Aala Park, a playground.

Ground three is based on the unsupported assertion that defense counsel "never really looked at" Samuseva's case. During the plea colloquy, Samuseva expressed her satisfaction with defense counsel. Samuseva has not presented any evidence to support her claim that her attorney was ineffective. She cannot make an after-the-fact, unsupported, claim that she was denied effective representation.

Samuseva's Section 2255 Motion, the case file, and the record in this case conclusively show that Samuseva is not entitled to habeas relief on the grounds she alleges and the Court need not hold an evidentiary hearing. See 28 U.S.C. § 2255.

Because Samuseva's claims have no merit, the Court also holds that she is not entitled to appointment of counsel.

## Certificate of Appealability

Under 28 U.S.C. 2253(c), a movant must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the movant "must demonstrate that reasonable jurists would find the district

9

court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.

In the present case, reasonable jurists would not find it debatable that Samuseva knowingly and voluntarily pled guilty to the Indictment and that she was not denied effective assistance of counsel.  Samuseva has not made a substantial showing of a denial of a constitutional right as required for the court to grant a certificate of appealability.

### CONCLUSION

For the foregoing reasons,

(1)  Samuseva's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 58) is **DENIED**;

(2)  Samuseva's Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(2)(B) (Doc. 62) is **DENIED**; and

(3)  Samuseva is not entitled to a certificate of appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 28, 2006.



/S/ Helen Gillmor
Helen Gillmor
Chief United States District Judge

---

SAMUSEVA v. UNITED STATES; Civ. No. 06-00585 HG; Crim. No. 03-00156 HG**; ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND HOLDING THAT MOVANT IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY**