EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

MICHAEL K. KAWAHARA 1460
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Mike.Kawahara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-0156HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN OPPOSITION TO |
| vs. | ) | DEFENDANT'S MOTION REQUESTING |
| | ) | CONSIDERATION OF THE RE- |
| ESETA SAMUSEVA, | ) | APPOINTMENT OF THE SAME |
| | ) | COUNSEL TO MY CASE |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION REQUESTING
CONSIDERATION OF THE RE-APPOINTMENT
OF THE SAME COUNSEL TO MY CASE**

The United States of America hereby opposes defendant's "Motion Requesting Consideration of the re-Appointment of the Same Counsel to My Case, as a Result of the Recent Decision Rendered in the Crack Cocaine Laws, as Retroactive", filed January 7, 2008.

I.  **PROCEDURAL POSTURE OF THE INSTANT CASE:**

In opposing defendant's motion, a review of the procedural posture of defendant's case is in order.  Defendant had pled guilty to the crime of possessing with intent to distribute 1.156 grams (net weight) of cocaine base (aka "crack") within 1,000 feet of a playground (Aala Park), in violation of 21 U.S.C. 841(a)(1) and 860(a).  Defendant had an extensive criminal history, which included one Federal and three State felony drug convictions.  Inasmuch as defendant's prior Federal drug conviction was also for the same 21 U.S.C. 860(a) offense, she faced an enhanced statutory maximum for the offense of conviction herein of life imprisonment.  See 21 U.S.C. 860(b).

As indicated in the Presentence Report, defendant's advisory Guideline sentencing range herein was not based in any way, shape, or form upon the quantity of cocaine base pursuant to the Drug Quantity Table in Guideline 2D1.1(c).  Rather, because defendant had a prior Federal felony drug conviction for distribution of/possession with intent to distribute cocaine base (that is, a "controlled substance offense"), and another prior State conviction for assault (that is, a "crime of violence"), defendant was a "career offender" under Guideline 4B1.1(a).  As calculated under Guideline 4B1.1(b), a "career offender's" Base Offense Level was determined solely by the statutory maximum penalty applicable to the offense of conviction.  Since defendant

herein was facing a statutory maximum of life imprisonment, her Base Offense Level was "37", Criminal History Category VI.  After a three-level reduction for "acceptance of responsibility" under Guideline 3E1.1, defendant's Total Offense Level was "34", Criminal History Category VI, which resulted in an advisory Guideline sentencing range for defendant of 262 months (21.8 years) - 327 months (27.25 years).  It is to be noted that defendant never contested the applicability of this "career offender" Guideline to her at sentencing, nor during her ensuing direct appeal, nor during her subsequent petition for relief pursuant to 28 U.S.C. 2255.

At sentencing on January 27, 2005, the District Court found, consistent with the Presentence Report, that she was a "career offender" and that the above-referenced Guideline sentencing range was applicable to her, but nevertheless elected to exercise its discretion to sentence defendant to a substantially lower sentence of only 140 months (11.67 years) imprisonment.[1]  In short, the District Court authorized a variance of nearly ten

---

[1] In addition, defendant's instant offense of conviction was also a violation of her Term of Supervised Release (TSR) stemming from her prior Federal felony drug conviction.  For the TSR violation, the District Court re-sentenced defendant to a 24 month imprisonment term.  However, notwithstanding that Guideline 7B1.3(f) recommended that the imprisonment term for a TSR violation be consecutive, the District Court again exercised its discretion in defendant's favor by making it concurrent to the 140 months incarceration term.

(10) years below the low end of advisory Guideline sentencing range.

Defendant thereafter appealed to the Ninth Circuit Court of Appeals in C.A. 05-10129. On April 13, 2006, the Ninth Circuit affirmed the District Court's judgement. Defendant thereafter filed a petition for certiorari with the Supreme Court. On October 10, 2006, the Supreme Court entered an order denying certiorari.

On October 30, 2006, defendant filed her petition pursuant to 28 U.S.C. 2255 in U.S.D.C. (Hawaii) Civil No. 06-0585HG. On December 28, 2006, the District Court entered its Order denying defendant's 2255 petition; this Order also denied defendant's request for appointment of counsel and additionally held that she was not entitled to a certificate of appealibility.

In other words, at the present time, defendant has exhausted all of her remedies via direct appeal and 28 U.S.C. 2255. Moreover, the one year statute of limitations applicable to 28 U.S.C. 2255 filings has already tolled in the instant case. It is in this context that one must examine whether defendant could be entitled to any relief at all pursuant to 18 U.S.C. 3582(c)(2) as a result of the U.S. Sentencing Commission's Amendment 706, which is discussed next.

II.  **EFFECT OF AMENDMENT 706:**

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses, as set forth in the Drug Quantity Table (Guideline 2D1.1(c)). The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties in 21 U.S.C. 841(b)(1)(A) and (B), the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See U.S.S.G., Supplement to App. C, Amend. 706.[2]

Previously, the Commission had set the crack offense levels in Guideline 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving

---

[2]  In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent herein, which can only involve a potential sentence reduction pursuant to 18 U.s.C. 3582(c)(2) based on a specific guideline amendment.

five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies a base offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The effect of the amendment is a reduction of two levels for each of the ranges set in the Guidelines' Drug Quantity Table for crack offenses.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

III.  **REVISED GUIDELINE 1B1.10**:

In addition, on December 11, 2007, the Commission also issued a revised version of Guideline 1B1.10, which emphasized the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which also becomes effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—<u>A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if</u>—

   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

   (B) <u>an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range</u>.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

[emphasis added]

**ARGUMENT:**

IV. **UNDER THE CIRCUMSTANCES ENUMERATED HEREIN, DEFENDANT IS NOT ENTITLED TO APPOINTMENT OF COUNSEL.**

Defendant's instant motion seemingly assumes that she has a right to counsel in connection her attempt to seek sentencing relief as a result of Amendment 706.  As hereinbefore pointed out, given that she has already exhausted her direct appeal and 2255 procedural rights, defendant's only remedy at the current time is pursuant to 18 U.S.C. § 3582(c).  Defendant's assumption is wrong for the following reasons.  <u>First</u>, with respect to the Constitution, a defendant has no Sixth Amendment right to counsel in connection with a Section 3582(c) motion.  Indeed, it is "well settled that 'a criminal defendant has no right to counsel beyond his first appeal.'" <u>United States v. Legree</u>, 205 F.3d 724, 730 (4th Cir. 2000) (<u>quoting</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 756 (1991)).  For this reason, the Ninth Circuit and other Circuit Courts of Appeal have uniformly held that there is no Sixth Amendment right to counsel in connection with a Section 3582(c) motion filed after the defendant's direct appeal has concluded. <u>See, e.g.</u>, <u>United States v. Townsend</u>, 98 F.3d 510, 512-13 (9th Cir. 1996); <u>Legree</u>, 205 F.3d at 730; <u>United States v. Whitebird</u>, 55 F.3d 1007, 1011 (5th Cir. 1995).  <u>See also</u> <u>United States v. Gilliam</u>, 2007 WL 2876329, at *4 (W.D. Va. Sept. 26, 2007).

<u>Second</u>, a defendant has no statutory right to counsel in connection with a 18 U.S.C. 3582(c) motion.  The pertinent

8

statutory provision, the Criminal Justice Act, 18 U.S.C. 3006A(c), states in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." The courts have uniformly rejected the argument that a Section 3582(c) motion is an "ancillary matter" referenced in Section 3006A(c). To the contrary, the courts have consistently found that a Section 3582 proceeding is not an "ancillary matter" as set forth in Section 3006A, and have likewise held that a defendant does not have a statutory right to counsel in connection with a Section 3582(c) motion. See, e.g., Whitebird, 55 F.3d at 1010 (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir. 1995) (same); cf. Burrell v. United States, 332 A.2d 344, 347 (D.C. 1975) (defendant has no statutory right to counsel in connection with motion to reduce sentence under Rule 35(b)). As the Fifth Circuit has observed:

> The legislative history of this amendment [adding the term "ancillary matters" to Section 3006A(c)] indicates that it was not intended to change existing law, but rather to clarify it and insure that compensation was available to appointed counsel for remedies technically outside the scope of the trial such as habeas corpus ad testificandum and mental competency hearings. There is no indication that the amendment was intended to create a statutory right to counsel to aid in the filing of motions after final conviction. The appointment of counsel in these instances

>   is a matter within the sound discretion of the trial court.
>
>   <u>Whitebird</u>, 55 F.3d at 1011 (<u>quoting</u> <u>Burrell</u>, 332 A.2d at 347).

The bottom line is that there is no legal basis for the defendant's implied assumption that she has an entitlement to counsel herein.[3]

Moreover, revised Guideline 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Although the Court has the discretion to appoint counsel for the defendant in connection with his Section 3582(c) motion, the United States requests the Court not exercise its discretion to do so in this case, particularly given the limited scope of proceedings under Section 3582(c), and more importantly, as will be discussed in greater detail below, there is considerable doubt as a matter of law whether Amendment 706 could ever assist defendant in any way.

---

[3] It also should be noted that substantial costs would be incurred by the criminal justice system if a defendant were entitled to counsel in connection with all Section 3582 proceedings. Indeed, the U.S. Sentencing Commission has estimated that almost 20,000 defendants are eligible for resentencing upon the declaration that Amendment 706 applies retroactively. <u>See</u> *Federal Sentencing Statistics by State, District, and Circuit,* found at http://www.ussc.gov/linktojp.htm. Thus, as the Second Circuit has noted in a similar context, if § 3006A were interpreted to require the appointment of counsel whenever a § 3582 motion is filed, it would place "large burdens of questionable value on the bar and the criminal justice treasury." <u>Reddick</u>, 53 F.3d at 464.

As hereinbefore indicated, defendant was sentenced as a career offender pursuant to Guideline 4B1.1, which has its own offense level determinants based upon maximum statutory penalties that are entirely independent of cocaine base quantity. As such, defendant's adjudged sentence and its underlying Guideline offense level were never based upon the Drug Quantity Table, the latter of which is the only Guideline provision to be affected by Amendment 706 once it takes effect. In other words, defendant's offense level remains exactly where it was at the time of sentencing and consequently, she cannot under any circumstance receive any sentencing relief as a result of Amendment 706.

Furthermore, as also hereinbefore indicated, defendant has already received a considerable variance downward from the advisory Guideline sentencing range otherwise applicable to her as a career offender and it is doubtful whether any further reduction under these circumstances would ever be warranted. In this connection, revised Guideline 1B1.10(b)(2)(B) states: "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553 and <u>United States v. Booker</u>, 543 U.S. 220 (2005) [that is, a variance], a further reduction would not be appropriate".

The foregoing substantive contentions, namely, that defendant's guideline range as determined under valid career offender criteria remain unaffected by Amendment 706,

11

additionally coupled with a considerable downward variance, make it clear that the appointment of defense counsel would be futile, because as a matter of law, no further sentencing reduction for defendant could be authorized.

For the reasons set forth herein, defendant's instant motion should be denied.

DATED: Honolulu, Hawaii, January 24, 2008.

>	EDWARD H. KUBO, JR.
> United States Attorney
> District of Hawaii
>
>
> By /s/ Michael K. Kawahara
>    MICHAEL K. KAWAHARA
>    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

| | |
|---|---|
| Mr. Eseta Samuseva #87194-022<br>FCI Dublin Unit C-D<br>5701 8th St., Camp Parks<br>Dublin, CA 94568 | January 24, 2008 |

/s/ Rowena Kang